[Cite as *Weinsziehr v. Lehman*, 2026-Ohio-2760.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| Coy Weinsziehr, | : | Case No.   25CA5 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| v. | : | |
| Erin Lehman (FKA Weinsziehr), | : | **RELEASED 7/17/2026** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

Ryan Shepler, Saving & Shepler Co., L.P.A., Logan, Ohio, for appellant.

Christopher L. Trolinger, Trolinger Law Offices, LLC, Columbus, Ohio, for appellee.
_____

Hess, J.

{¶1}   Erin Lehman, the mother, appeals from a judgment of the Hocking County Court of Common Pleas, Domestic Relations Division, in a post-divorce proceeding concerning custody.  She presents four assignments of error asserting that (1) the trial court erred by impermissibly delegating its decision-making authority to the Center for Family Resolution (CFR); (2) the trial court erred by impermissibly considering CFR's custodial and substantive parenting time recommendations despite obvious lack of qualifications; (3) the trial court erred by finding that a change of custody and parenting time was in the best interest of the minor child; and (4) the trial court erred by failing to properly address the harm likely to be caused to the minor child by the recommended changes. However, we find that Lehman failed to preserve the assignments of error by

failing to raise them as objections below and she failed to request plain error review until she raised it in her reply brief. Thus, we find that the assignments of error were waived and are overruled.

## I. FACTS AND PROCEDURAL HISTORY

**{¶2}** The parties married in 2008, had one child, C.W., born in 2011, and divorced in 2015. As part of the divorce decree, the court adopted the parties' agreed parenting plan, which designated the mother as the residential parent and legal custodian and gave the father parenting time. The parties have had a contentious parenting relationship since.

**{¶3}** In May 2023, Coy Weinsziehr, the father, filed a motion for change of custody alleging that mother was not caring for the child properly. He alleged that the child had poor hygiene and had developed ringworm. He alleged that mother interfered with father's attempts to communicate with the child's school, caused the child to develop depression and nighttime bedwetting, and isolated the child from social interaction.

**{¶4}** The mother countered in June 2023 with a motion for emergency ex parte custody in which she alleged father tried to throw the child from a moving car while a train approached, took nude photographs of the child, and pulled the child's hair while screaming at the child. That motion was superseded in July 2023 when mother filed a motion to reallocate parental rights and responsibilities that contained the same allegations.

**{¶5}** Temporary orders were issued in July, October, and November 2023 in which the parties were ordered to undergo family counseling, complete a parenting course, and undergo a guardian ad litem investigation. Supervised visits with the father

occurred at the Fairfield County Visitation Center.  In February 2024, the parties entered into an agreement, adopted as a court order, to participate in the Whole Family Intervention Program provided by CFR. CFR recommended that mother and child have no contact for a 90-day period due to mother's refusal to prepare a shared message from her and father to give the child. The court ordered the parents to undergo psychological assessments. The father was found to have no mental health conditions. The mother was diagnosed with borderline personality disorder.

**{¶6}**    A final hearing on custody matters occurred before a magistrate on October 24 and 25, 2024. The magistrate's decision issued on November 22, 2024. The child, C.W., filed objections and supplemental objections to the magistrate's objections to which father filed responses. The mother did not file objections under Civ.R. 53 or respond to C.W.'s objections. A transcript of the hearing was filed on April 14, 2025 and mother filed objections to various aspects of the transcript and sought to have the testimony stricken. Father filed a motion to strike mother's objections to the transcript on the grounds that mother was trying to introduce new evidence into the record through her objections by adding her own comments or testimony where she disagrees with the witnesses' testimony.

**{¶7}**    At a hearing held May 7, 2025, the trial court addressed the mother's objections to the transcript and agreed with father's motion to strike mother's objections to the transcript to the extent that mother was attempting to rebut witnesses' testimony by supplementing it with her own version of events.  However, it was agreed that there were certain portions of the transcript with errors in the attribution of who was speaking. For example, some statements were purportedly attributed to mother that were statements

made by counsel for the child and vice versa. Therefore, the trial court told the parties to submit supplemental corrections to identify portions in the transcript in which words were attributed to the wrong speaker. Mother and child both filed supplemental corrections to the transcript. The trial court issued a judgment on June 6, 2025 in which it overruled mother's objections to the transcript, finding "it is not an appropriate Objection." However, to the extent that the parties mutually agreed that certain lines were misattributed, the trial court identified those lines and ordered corrections. To the extent that the parties did not mutually agree on misattributions or other corrections, the court ruled, "The Court will not make inferences or attribute statements that were not mutually agreed upon and the Court will not add testimony that was not captured by audio."

{¶8}    The trial court overruled objections to the magistrate's decision but found that the 90-day blackout period recommendation had become stale and a new assessment would need to be completed to determine if a blackout period remained appropriate. Father was named the residential parent and legal custodian of C.W. and the parties were required to comply with recommendations of CFR. The mother was ordered to "have visitation as determined appropriate by the CFR, without a blackout period. Mother shall have local rule parenting time once the CFR has ceased their involvement with the family." The parties and the child were ordered to engage in individual counseling and to follow the recommendations of the counselors. The parties and child were also ordered to complete parenting classes. Exchanges for parenting time were to be made at the midpoint police or sheriff department between the parties' residences.

**{¶9}** Mother appealed. Mother also sought a stay of the custody order in the trial court. The trial court partially granted mother relief in that it stayed its order granting discretion to the CFR to determine parenting time and left the local rule parenting time visitation for mother in place, clarifying that the parties will follow Loc.R. 76, option C parenting time with weekend parenting time ending Sundays at 6:00 p.m. and exchanges to occur at the Ashville Police Department.

## II.  ASSIGNMENTS OF ERROR

**{¶10}** Mother presents four assignments of error:

I.       The trial court erred by impermissibly delegating its decision-making authority to the Center for Family Resolution.

II.      The trial court erred by impermissibly considering CFR's substantive custodial and parenting time recommendations despite obvious lack of qualifications.

III.     The trial court erred by finding that a change in custody and parenting time was in the best interests of the minor child.

IV.      The trial court erred by failing to properly address the harm caused to the minor child by the recommended changes.

## III.  LAW AND ANALYSIS

### A.  Mother's Failure to Object under Civ.R. 53

**{¶11}** Before addressing the mother's assignment of errors, we must address whether she preserved them for appeal.

**{¶12}** The magistrate issued a decision on November 22, 2024. Under Civ.R. 53(D)(3)(b), which governs objections to the magistrate's decision, a party must file an objection within 14 days. Civ.R. 53(D)(3)(b)(i). A party can only seek leave to file supplemental objections if that party has previously filed timely objections. Civ.R. 53(D)(3)(b)(iii). Except for a claim of plain error, a party cannot assign as error on appeal

the trial court's adoption of the magistrate's findings or conclusions unless that party has made an objection under Civ.R. 53(D)(3)(b). Civ.R. 53(D)(3)(b)(iv). Civ.R. 53(D)(3)(b) provides:

(b) Objections to Magistrate's Decision.

(i) Time for Filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

(ii) Specificity of Objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

(iii) Objection to Magistrate's Factual Finding; Transcript or Affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

(iv) Waiver of Right to Assign Adoption by Court as Error on Appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶13}**   Mother did not file objections to the magistrate's order, nor did she respond to any other party's objections within ten days under Civ.R. 53(D)(3)(b)(i). Because she did not file timely objections, she could not seek leave to file supplemental objections or file supplemental objections under Civ.R. 53(D)(3)(b)(iii).

**{¶14}** Mother argues that she filed objections to the transcript of the hearing and that we should interpret her objections to the transcript to be objections to the magistrate's decision. However, mother's objections to the transcript do not challenge the magistrate's order and instead are her attempts to add her version of events to the various witnesses' testimony. The trial court ruled that her objections were improper and she has not appealed that ruling. Even if we were to make such a liberal construction of this filing, it would still be over 20 weeks too late. And she did not seek leave to file them out of time; nor was any leave granted. Because mother did not file objections to the magistrate's decision, she has waived all but plain error on appeal. *Cunningham v. Cunningham*, 2002-Ohio-4094, ¶ 8 (4th Dist.).

> For the plain error doctrine to apply, the party who claims error must establish that 1) " 'an error, i.e., a deviation from a legal rule' " occurred; 2) the error was " 'an "obvious" defect in the trial proceedings;' " and 3) this obvious error affected substantial rights, i.e., the error " 'must have affected the outcome of the trial.' " The plain error doctrine is not, however, readily invoked in civil cases. Instead, an appellate court "must proceed with the utmost caution" when applying the plain error doctrine in civil cases.

(Citations omitted.) *Woods v. Best*, 2025-Ohio-357, ¶ 19 (4th Dist.).

**{¶15}** Mother also argues that even if she did not file objections, the minor child did and mother's assignments of error track the child's objections. We find no merit to this argument. A child is not a proper party to a divorce action or its ancillary custody proceedings and cannot raise objections to the magistrate's decision. Moreover, the

appointment of a guardian ad litem under Civ.R. 75 does not make a child a proper party to a divorce action or its ancillary custody proceedings. *In re A.G.*, 2014-Ohio-2597, ¶ 41-44, citing *Hanna v. Hanna*, 2008-Ohio- 3523, ¶ 14 (10th Dist.).

**{¶16}** Although mother may raise plain error on appeal, her assignments or error as set out in her initial brief are framed under an abuse of discretion standard of review and she fails to request a plain error review. It is not this court's duty to construct a plain error argument for her. *Woods v. Best*, 2025-Ohio-357, ¶ 23 (4th Dist.). An appeals court will not construct a claim of plain error on appellant's behalf if the appellant fails to argue plain error on appeal. *E.g., State v. Patton*, 2021-Ohio-295, ¶ 25 (1st Dist.).

**{¶17}** We note that in her reply brief, mother makes for the first time a plain error argument in support of her first assignment of error – that the judge impermissibly delegated his judicial authority when he granted the CFR exclusive authority to determine mother's visitation. However, "a party cannot raise an issue for the first time in a reply brief." *Wooster Floral & Gifts, L.L.C. v. Green Thumb Floral & Garden Ctr., Inc.*, 2020-Ohio-5614, ¶ 15. The reason for this rule is that by failing to raise an issue in the initial brief, appellant deprives appellee of the opportunity to respond to the issue. *Mitchell v. Holzer Med. Ctr.*, 2017-Ohio-8244, ¶ 23 (4th Dist.).

**{¶18}** We find that the mother failed to preserve the issues she raises on appeal and failed to raise plain error review until her reply brief. Thus, we overrule her assignments of error.

IV.  CONCLUSION

**{¶19}** We overrule all assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        Michael D. Hess, Judge



**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**